Lora A. Schneider, Esq.
Nevada Bar No.: 10448
THARPE & HOWELL, LLP
6897 West Charleston Boulevard
Las Vegas, Nevada 89117
(702) 562–3301
Fax: (702) 562–3305
lstanley@tharpe-howell.com

Attorneys for Defendant,
*Team Ford, LLC d/b/a Team Ford Lincoln*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KOLLEEN THOMAS,<br><br>    Plaintiff,<br><br>vs.<br><br>TEAM FORD, LLC, a Nevada limited liability company, d/b/a " TEAM FORD LINCOLN;" DOES I thru X, inclusive; ROE CORPORATIONS I thru X, inclusive,<br><br>    Defendants. | Case No.:   2:14-cv-01790-RFB-GWF<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL MATERIALS AND INFORMATION** |

26571

    WHEREAS, Plaintiff KOLLEEN THOMAS and Defendant TEAM FORD, LLC d/b/a TEAM FORD LINCOLN (collectively referred to as the "Parties") each seek production of documents pertaining to the other Parties or to other persons who are not parties to this litigation.

    WHEREAS, it is anticipated that the Parties, through discovery, will seek to obtain documents that may be of confidential and/or proprietary in nature.  This Order, executed pursuant to F.R.C.P. 26(c), is intended to protect the confidentiality of such information and documents, while ensuring that the Parties can obtain and pursue discovery with a minimum of delay and expense.

WHEREAS, one or more of the Parties may contend that certain documents to be produced may contain privileged, confidential, or other sensitive information, the public disclosure of which could cause irreparable harm.

WHEREAS, the protection of the documents that are produced and which contain privileged, confidential, or sensitive information is in the public interest.

WHEREAS, in order to expedite discovery and protect the confidential nature of these documents, the parties seek to enter this Order, which will permit discovery to proceed more expeditiously and with less expense by, among other things, providing protection of confidential information.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED between the Parties, by and through their respective attorneys of record, as follows:

1. The following terms and words have the following meanings for the purpose of this Order:

(a) "Producer" means a party to this action or a non-party to this action that produces the following documents and material, the information contained therein, and all copies thereof (hereinafter referred to collectively as the "Documents" or separately as the "Document") at any time, in connection with this action.

(b) "Trade Secret" means any formula, pattern, device or compilation of information which is used in one's business, and gives one an opportunity to obtain an advantage over competitors who do not know or use it, as defined by the Restatement of Torts, Section 757, Comment b (1939) but does not include any information that is publicly available.

(c) "Confidential Material and Information" means documents and information containing trade secrets, confidential research, confidential business or financial information, or any portion of a third party's personnel file, which any party or protected person, including employees, agents, representatives, officers and managers of the parties and/or their attorneys of record, reasonably believes not to be in the public domain or publicly available and reasonably believes the Confidential Material and Information

contain proprietary or confidential information, or information to which an individual or company has an established and legitimate right to privacy or confidentiality. The information generally includes, but is not limited to, information concerning Defendant's corporate financial information, other confidential business information, dates of birth and social security numbers of parties to this litigation, and any other information reasonably believed to be the designating party as worthy of protection as privileged. It may also include, as needed, similar information of third parties. Any information derived from Confidential Material and Information is considered Confidential Material and Information.

Exception: Confidential Materials and Information do not include any information that has actually been publicly disclosed.

2.   Designation of Documents as Confidential Material and Information shall be made by placing the legend "CONFIDENTIAL" (hereinafter referred to as "Confidential Legend") on the face of the document and on each page so designated. A party who is a Producer shall designate a Document as Confidential Material and Information by placing the Confidential Legend on the Document before distributing it to the other parties.

3.   "Disclosed" means, in part, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part. This meaning does not restrict any other meaning of the term disclosure of confidential material and/or information.

4.   "Discovery Materials" means any Confidential Material and Information presented in documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

5. Confidential Material and Information subject to this order shall be used solely for the purpose of conducting this action and any subsequent appeal or for the purposes otherwise identified in this paragraph. All Confidential Material and Information subject to this Order shall

- 3 -

_____
**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL MATERIALS AND INFORMATION**
2:14-cv-01790-RFB-GWF

be kept in a confidential manner and may be disclosed only to and among the following persons and only to the extent necessary for such person to perform his or her assigned tasks:

    (a) The Parties and attorneys for any of the parties, including in-house counsel and paralegals, who are participating or assisting in the conduct of this action and any subsequent appeal, and employees of the firm representing any party;

    (b) Any person who otherwise would be entitled to review said Confidential Materials and Information as a result of: (1) contractual obligations, such as Defendant's agreements with insurers, third-party administrators on behalf of such insurers, reinsurers, or financial or regulatory audit obligations; or (2) local, state, federal or other law or statute or regulation;

    (c) Any current director, officer, employee, or agent of a party who is required by such party to work directly on this action and any subsequent appeal, including anyone responsible for supervision or settlement of this action or appeal, or who is assisting in the prosecution or defense of this action or appeal, but only in connection with such work or assistance;

    (d) Any person not employed by a party, nor retained by a party or its counsel, of whom testimony is taken or may be taken in this action or subsequent appeal, only to the extent that such a person may see and retain copies of Confidential Material and Information only during his or her testimony, in preparation therefore, or in discussions of possible testimony, and may not thereafter retain copies of any Confidential Material and Information or divulge any information contained in any Confidential Material and Information to anyone outside of the Parties and their representatives;

    (e) Any person not employed by a party who is expressly retained by the party or by an attorney described in Paragraph 3(a) above to assist in preparation of this action and/or subsequent appeal, including expert witnesses;

    (f) The Court and the Court personnel involved in this process;

    (g) Court reporters, videographers and their personnel involved in this process;

    (h) The trier of fact;

(i) A mediator, arbitrator and/or special master; and

(j) Commercial photocopying, imaging and document management firms, solely to the extent reasonably necessary for the prosecution or defense of this action and any subsequent appeals; and

(k) Persons whom disclosure of such materials is reasonably believed will assist in the gathering or information relevant to the prosecution or defense of this action.

Without limiting the foregoing, Confidential Material and Information shall not, without the express prior written consent of the Producer of the Confidential Material and Information or an order of this Court obtained after notice to the Producer, be disclosed to any person other than those listed above.

6. Any person who discloses Confidential Material and Information to any person Identified in Paragraph 3(a), (b), (c) herein shall advise each person to whom such disclosure is made of the terms of this Order. If Confidential Material and Information is disclosed to a person identified in paragraph 3(d) or (e) herein, that person shall sign a written Certification that he or she is familiar with the contents of this Order and consents to be bound by its terms. A form of such Certification is attached hereto as Exhibit "A." A copy of each Certification so obtained shall be retained by the party that disclosed Confidential Material and Information. No party shall be required to produce such Certification to any other party except upon an order of the Court.

7. Nothing herein shall restrict counsel from using any Confidential Material and Information in the prosecution or defense of this action or interrogating or deposing witnesses as to the subject matter of any Confidential Material and Information, provided that the Confidential Material and Information itself is treated in accordance with Paragraph 3 of this Stipulated Protective Order. If a witness refuses to agree to be bound by the terms of this Stipulated Protective Order, such Confidential Material and Information may not be shown to the witness but may be read to the witness or used to examine the witness.

8. The foregoing is without prejudice to the right of any party to contest/challenge the designation of a Document or piece of information as being "Confidential" and subject to the terms of this Stipulated Protective Order. If a party contends that any Document at issue has been

1  erroneously or improperly designated or not designated "Confidential," that party shall notify
2  opposing counsel in writing.  If, after conferring, the Parties cannot agree as to the designation of
3  the Document at issue, the party seeking to maintain Confidential status can make a motion to this
4  Court, in writing, for an Order stating that the Document is confidential.  Any such motion must
5  be made within 20 days of the other party providing written notice of their contention that the
6  Document should not be confidential or the Document shall be deemed not confidential.  The
7  Document at issue shall be treated as confidential until the parties reach a written agreement or
8  this Court issues an order stating that the Document is not confidential and shall not be given
9  confidential treatment.  The party designating the Document as confidential shall have the burden
10  of establishing the appropriateness of the designation of the specified material as Confidential
11  Material and Information.  A dispute as to designation shall not be grounds for delay of or a
12  refusal to permit discovery; provided, however, that the designated material in question shall
13  continue to be treated as Confidential Material and Information subject to the terms of this Order
14  until the Court acts on the motion to maintain such confidential status.

15        9. Any Confidential Material and Information filed with the Court and any brief or other
16  paper that quotes, reproduces, or otherwise divulges the contents of any Confidential Material and
17  Information shall be kept by the Clerk under seal and shall be made available only to the Court or
18  persons authorized by the terms of this Order to have access thereto.  If the appropriate officer of
19  the Court does not permit filing in this matter without a prior Court Order, then the following
20  procedure shall be followed:  The party seeking to submit the confidential documents should
21  advise the party making the confidential designation of its intent to file the confidential materials
22  with the Court.  The party making the confidential designation shall make a motion to have those
23  documents filed with the Court under seal within five (5) days of that advisement, or the
24  confidential status of those Documents will be deemed waived and the documents treated as non-
25  confidential.   All deadlines for the submission of motions or other documents to the Court shall
26  allow an additional five (5) days past that deadline for the submission of confidential documents
27  under seal in connection with the same, via a motion to seal such documents, unless the Court's
28

procedures allow the initial filing of those confidential materials without the need for such a motion.

10. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any particular documents or information; (b) to apply to the Court for an order stating that a document shall not be given confidential treatment; (c) to object to any discovery request; or (d) to apply to the Court for a modification of this order.

11. Within ninety (90) days after conclusion of this action, whether by dismissal, final judgment, completion of appeal or settlement, counsel of record employed by a party to this action shall return to the Producer all Confidential Material and Information covered by this Order (at the Producer's expense) or, at the Producer's request, shall immediately after that time destroy all such Confidential Material and Information and provide the Producer, upon written request of the Producer, with a sworn affidavit to that effect. In the event that Defendant to this action seeks to pursue subrogation and/or contribution from another party in this case, that Defendant's obligation to return or to destroy Confidential Material and Information shall be postponed until that dispute is resolved.

12. The Parties to this Stipulated Protective Order consent to the jurisdiction of this Court for the purposes of determining if any party believes that there has been a breach of the terms of this Stipulated Protective Order, whether such breach has occurred, and what, if any, damages have resulted from any such breach.

13. Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Stipulated Protective Order, and may designate documents or deposition testimony as Confidential Material and Information in the manner, and subject to the same protections, set forth above.

14. Nothing contained in this Stipulated Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not Confidential Material and Information within the contemplation of the law or prejudice in any way the right of any party or third party to seek a Court determination of

_____
**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL MATERIALS AND INFORMATION**
2:14-cv-01790-RFB-GWF

THARPE & HOWELL, LLP
ATTORNEYS AT LAW
6897 WEST CHARLESTON BOULEVARD, LAS VEGAS, NV 89117
PHONE: (702) 562-3301 | FAX: (702) 562-3305
WWW.THARPE-HOWELL.COM

whether any particular materials should be disclosed or, if disclosed, whether it should be subject to the terms of this Stipulated Protective Order.

15. Disclosure or use of Documents or things or information designated as Confidential Material and Information other than in accordance with the terms of this Stipulated Protective Order may subject the disclosing person to such sanctions and remedies as a Court of proper jurisdiction may deem appropriate.

16. The provisions of this Stipulated Protective Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by F.R.C.P. 26(c).

17. The terms of this Stipulated Protective Order shall survive and remain in effect after the termination of this litigation and any related litigation.

IT IS SO STIPULATED.

Dated this 2nd day of January, 2015              Dated this 2nd day of January, 2015

COGBURN LAW OFFICES                              THARPE & HOWELL, LLP

 /s/ Andrew L. Rempfer                            /s/ Lora A. Schneider
_____              _____
Andrew L. Rempfer, Esq.                          Lora A. Schneider, Esq.
Nevada State Bar No. 8628                        Nevada State Bar No. 10448
2879 St. Rose Parkway, Suite 200                 6897 West Charleston Boulevard
Henderson, NV 89052                              Las Vegas, Nevada 89117

Attorneys for Plaintiff,                         Attorneys for Defendant,
*Kolleen Thomas*                                 *Team Ford, LLC d/b/a Team Ford Lincoln*

**ORDER TO PROTECT CONFIDENTIAL MATERIAL AND INFORMATION**

IT IS SO ORDERED this __5th__ day of __January_____, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

## ATTACHMENT A:

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I may receive information designated as "Confidential" from counsel to a party to this litigation. I hereby certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the above Stipulated Protective Order that has been entered by the Court; that I have been given a copy of, and have read the understand such Stipulated Protective Order; that I agree to be bound by the terms thereof; and that I irrevocably submit to the personal jurisdiction of the Court in connection with any proceeding to enforce the Stipulated Protective Order that may involve me.

I, the undersigned, hereby **ACKNOWLEDGE AND AGREE**:

**Signature:** _____

**Printed Name:** _____

**Address:**_____

_____

**Telephone Number:**_____

**Employer:**_____

**Job Title:**_____

Dated this \_\_\_\_\_ day of _____, 2015.

THARPE & HOWELL, LLP
ATTORNEYS AT LAW
6897 WEST CHARLESTON BOULEVARD, LAS VEGAS, NV 89117
PHONE: (702) 562-3301 | FAX: (702) 562-3305
WWW.THARPE-HOWELL.COM

- 9 -

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL MATERIALS AND INFORMATION**
2:14-cv-01790-RFB-GWF